CHARLES ANASTASIO, PETITIONER, v. RICHARDS GASTON, INCORPORATED, RESPONDENT.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the petitioner, *Salvador Diana* (*Winfield S. Angleman*, on the brief).

For the respondent, *Coult, Satz & Tomlinson* (*Joseph Coult* and *Gerald T. Foley*, on the brief).

PER CURIAM.

Anastasio was injured December 11th, 1928, and was given an award under the Workmen's Compensation act. The award included temporary disability for thirty-seven and a fraction weeks and also for four hundred weeks' total permanent disability at $17 per week. More than a year after the accident petitioner died.

We shall retain the designation of parties as in the original proceeding in the Workmen's Compensation Bureau, namely, the employe as petitioner and the employer as respondent.

The determination and rule for judgment by the deputy commissioner, after hearing, was made October 28th, 1929, docketed as a judgment in Union County Common Pleas December 11th, 1929, and further docketed in the Supreme Court June 21st, 1930. The state of case as it comes to us includes the original petition and answers, the determination, the docket entry in the Supreme Court, the rule and depositions taken thereunder, but not the evidence taken before the deputy commissioner. It is provided by the statute found in *Cum. Supp. Comp. Stat.,* \*\*236-41 that such a judgment may be docketed in the Supreme Court and thence-forward operate as a judgment recovered in that court. Doubtless the present procedure is intended to be based thereon; but difficulties arise for which counsel offer no suggestion.

Respondent contends that the petitioner died of chronic endocarditis and that this ailment resulted from the injury which arose out of and in the course of the employment. We are asked to amend the judgment into one for death rather than permanent disability, and, inasmuch as an amount equivalent to such an award has been paid, to have the judgment canceled. *Erie Railroad Co.* v. *Callaway,* 91

N. J. L. 32, is cited as authority for amending a workmen's compensation judgment. Aside from the fact that that case was on *certiorari* to review the legality of an order made by the Essex County Common Pleas, and therefore not at all a precedent for the present proceeding, we are met with a vigorous denial, from the executrix of the petitioner, that the death was due to a condition arising out of the accident. Each side presents its supporting depositions and on the strength thereof the respondent asks us for action that is practically the opening up of an award of the deputy commissioner and changing the entire purport thereof without having before us the testimony upon which that award was made, and without the deputy commissioner having had before him the proofs upon which, as is now alleged, his award should be determined erroneous. We find little in the statute to suggest that the Supreme Court is to be made an original fact-finding body in workmen's compensation cases.

Counsel for the petitioner designates the present rule an illegal attempt at rehearing; and counsel for the respondent advance no argument in support of their procedure. Without determining that question we dispose of the case in the manner following:

We consider that the proofs do not in sufficient degree sustain respondent's contention that the petitioner died as a result of the accident upon which the award was made.

The rule will be discharged, with costs.